UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
-------------------------------------------------------------x
SUE LEE,

                 Plaintiff,                 05 CV 2316 (AH)

    -against-                       **SECOND  AMENDED**
                                         **COMPLAINT**
NEW YORK CITY HEALTH AND         **JURY DEMAND**
HOSPITALS CORPORATION,

                 Defendant.
-------------------------------------------------------------x

## I. NATURE OF ACITION

1. This action involves discrimination in employment  based on age and retaliation for engaging in protected activity.  Plaintiff Sue Lee, who is  presently  sixty-eight years old,  maintains in this action that defendant subjected her to  disparate treatment on account of her age with regard to the terms and conditions of her employment and subjected her to  retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff also asserts in this action claims for discrimination in employment on account of age and retaliation under New York Executive Law § 296 *et. seq.*  and New York City Administrative Code §  8-107.

## II. JURISDICTION

2.  Jurisdiction is conferred upon this court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a).  Plaintiff invokes the pendent jurisdiction of the court to adjudicate her claims arising under state law.

## III. THE  PARTIES

3.  Plaintiff is a  natural person who is presently sixty-eight years old.

4.  Defendant New York City Health and Hospitals Corporation ("HHC") is a public benefit corporation created by the New York State Legislature and is engaged in operating health care facilities providing medical services to the general public.

IV.  STATEMENT OF CLAIMS

5.  Sue Lee, commenced employment with the HHC on or about October 1, 2001 in the position of Associate Director of Quality Management, with the annual salary of $68, 750.00.

6.  Ms. Lee holds a Ph.D in Clinical Psychology and she has American Nursing Association certifications   in Advance Nursing Administration and  Psychiatric Nursing. She was  highly qualified for the position to  which she was hired.

7.  During the period Ms. Lee has been employed by HHC, she has been subjected disparate treatment on account of her age  with regard to compensation and other  terms and conditions of her employment.

8.  Upon information and belief, HHC purports to have a policy of offering successful applicants starting salaries based on  the applicant's previous salary and awarding  salary increases based upon the employee's  experience and qualifications.

9.  Upon information and belief, HHC  has not applied its compensation  policy consistently but  instead  has knowingly  permitted its managers to  set starting  salaries and grant salary increases in a  discriminatory manner in violation  of State and Federal law.

10.  Shortly after being hired, Ms. Lee discovered that the younger Associate Directors  with whom she was working  were  being  paid substantially higher salaries than she, even though she had superior  qualifications.

2

11. In or about June 2002, Ms. Lee successfully applied for the position of Associate Director of Nursing for Behavioral Health. Even though Ms. Lee took on additional responsibilities in her new position her salary remained below that paid to younger Associate Directors.

12. Although Ms. Lee's new title made her part of Nursing Administration, she was not assigned an office in Harlem Hospital's Martin Luther King Building where similarly placed younger nursing administrators maintained their offices. She was instead assigned to an office in Women's Pavilion, which is a substantial distance away from the Martin Luther King Building.

13. Ms. Lee's duties and responsibilities as an Associate Director of Nursing required her to make numerous rounds, covering a number of clinics located in separate buildings in the course of her work day, in addition to attending staff meetings with other nursing administrators whose offices are situated in the Martin Luther King building.

14. In or about September 2002, HHC hired Jacqueline Richards in the newly created position of Assistant Director of Nursing, purportedly to assist Ms. Lee in her duties and responsibilities as an administrator.

15. Ms. Richards, who is younger than Ms. Lee and has fewer qualifications, was hired at a salary approximately $25,0000 more than what Ms. Lee was paid as a starting salary.

16. Although Ms.Richards was purportedly hired to assist Ms. Lee in her duties, HHC assigned her to an office in the Martin Luther King Building, where she reported directly to the Acting Executive Director of Nursing rather than to Ms. Lee.

17. During this period,  Ms. Lee observed that similarly placed  younger Associate Directors were provided  the opportunity to attend  training classes. Yet each time Ms. Lee  requested an opportunity to attend training  she was told that  she was needed to remain on duty at the hospital.

18.  In or about July 2003,  Ms. Lee  filed  a complaint with  HHC's  Equal Employment  Opportunity  officer Robert Abedi, and later with the New York State Division of Human Rights, complaining about the  discriminatory  manner in which she was being treated.

19.  After   filing a  complaint with HHC's Equal Employment Opportunity office  and the New York  State Division of Human Rights, Ms Lee  found herself being  subjected to retaliatory conduct from her superiors,  which included   criticism of  her performance, threats of  disciplinary action, along  with an open display of  hostility.

20.  In  December 2003   Ms. Lee suffered a stroke.

21.   Upon her return to work from sick leave in August 2004,   Ms. Lee's superiors assigned her  to the  Pediatrics Department, even though knowing that  she has no interest or experience in the field.

22 .  Upon information and belief, Ms. Lee's involuntary  transfer to the  Pediatrics Department was done in  retaliation for her complaining about her discriminatory treatment and  with  the intention of   coercing her  to resign from her position at HHC.

23.    On  May 24, 2005, Ms. Lee caused to be filed  with the Office of the Comptroller of the City of New York a Notice of Claim with  regard to  defendant's conduct as  set forth above.

24.  On December 23, 2005, defendant terminated Ms. Lee's employment.

25.   Upon information and belief, the termination of Ms. Lee's employment was done in retaliation for her complaining about discrimination and on account of her age.

26.   Ms. Lee has  exhausted her administrative remedies before   commencing this action.

### V.   FIRST CLAIM FOR RELIEF

27.  Plaintiff repeats the matters set forth in paragraphs 1 through and including 26.

28.  Defendant's behavior as set forth  above constitutes  intentional  discrimination based on age in  knowing violation of the ADEA.

29.  As a consequence of said intentional discriminatory conduct plaintiff suffered lost earnings  in an  amount   to be determined at trial, and is she is  further  entitled to liquidated damages equaling twice her lost  earnings.

### VI.   SECOND CLAIM FOR RELIEF

30.   Plaintiff repeats  the matters set forth in paragraph 1 through 26.

31.   Defendant's behavior as set forth above constitutes unlawful retaliation in violation of the ADEA.

33.   As a consequence of  defendant's retaliatory conduct plaintiff has suffered damages  in an  amount to be  determined at trial

### VII.   THIRD CLAIM FOR RELIEF

34.  Plaintiff repeats the matters set forth in paragraphs 1 through 26.

35.  Defendant's  behavior  as set forth above  constitutes discrimination on account of age and retaliation in violation of  New York Executive Law § 296 *et. seq.*

36.  As a consequence  defendant's illegal conduct plaintiff suffered  pecuniary loss and extreme emotional distress, resulting in damages in the amount of

$5,000,000.00.

## IX.  FOURTH  CLAIM FOR RELIEF

37.  Plaintiff repeats the matters set forth in paragraphs 1 through 26.

38.  Defendant's behavior as set forth above constitutes  discrimination on account of age and retaliation in violation of New York City Administrative Code § 8-107.

39.  As a consequence of defendant's illegal conduct plaintiff suffered  pecuniary loss and extreme emotional distress, resulting in damages in the amount of $5,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on her First Claim for relief in an amount to be  determined at trial,  together with liquidated damages, reinstatement,  and reasonable attorney fees, and  judgment on her Second Claim for relief  in an amount  to be determined at trial, reinstatement, and reasonable attorney fees, judgment on plaintiff's Third Claim for Relief in the amount of $5,000,000.00, and  judgment on plaintiff's Fourth Claim for Relief in the amount of $5,000,000.00, plus costs and disbursements, together with such  further relief the court deems just and proper.

## VII.  JURY DEMAND.

Plaintiff requests that this matter be tried before  a jury.

Dated: Brooklyn, New York
        March 22,  2006

                                                        S/
                                          _____
                                          ROOSEVELT SEYMOUR
                                          *Attorney for Plaintiff*
                                          175 Remsen Street, Suite 602
                                          Brooklyn, New York 11201
                                          Bar Code: RT-0915